## NORMAN GREEN V. THE STATE.

No. 21123.  Delivered October 16, 1940.
On Motion to Reinstate Appeal November 20, 1940.

The opinion states the case.

*Carpenter & Boling,* of Lubbock, for appellant.

*Edgar E. Payne,* County Attorney, of Levelland, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

This is an appeal from the County Court of Hockley County, Texas, where the appellant was convicted of transporting intoxicating liquor. The transcript does not contain a caption showing the date of the beginning of the term of court and the end thereof. It does state that the court was, "begun and holden * * * in February 1940." The judgment in the case is dated January 15, 1940.

In view of the condition of the record the appeal is dismissed. 4 Tex. Jur. 323, and authorities there cited.

ON MOTION TO REINSTATE APPEAL.

BEAUCHAMP, Judge.

The appeal is from a fine of $100.00 assessed by the County Court of Hockley County on a charge of violation of the local option law. Supplemental transcript having been filed in this cause and proper procedure taken, the motion to reinstate the appeal is granted and the order dismissing the same is set aside.

The principal question which appellant seeks to raise challenges the existence of a local option law prohibiting the sale of intoxicating liquors in Hockley County. No election has been held in that county prohibiting the sale of intoxicating liquor since its organization, but reliance is had by the State upon the fact that during the time it was attached to Lubbock County and on May 28, 1910, an election was held in Lubbock County prohibiting the sale of intoxicating liquors in Lubbock County. It is the contention of the State that this election extends to and includes Hockley County.

The residents of an unorganized county which was attached to another for such purposes had a right to vote for the election of certain officials. It does not appear that it was mandatory that local option elections should be submitted to the voters of both counties in order to adopt it by and in the administering county. We are of the opinion that Lubbock County could have held an election within its own bounds without, in any manner, affecting any territory attached to it for judicial purposes. So far as the record in this case is concerned, that is what occurred.

Allegation is made in the complaint and information that the election was held in Lubbock County. There is no allegation that it extended to and included the territory now embraced in

Hockley County. The question sought to be raised in this appeal both by the State and the appellant in which they ask this court to determine whether or not an election ordered and properly held in Lubbock County could and did affect the then unorganized Hockley County so as to make effective a local option law in that county at the present time, is not before us. There is no allegation to that effect and no proof by which we may know whether or not citizens of Hockley County participated in such election. Until that question is before us we express no opinion as to it.

Because the complaint and information does not allege that an election was held embracing the territory now included in Hockley County, and because there is no proof to that effect and none may be introduced on the allegations made, the judgment of the trial court is reversed and the prosecution ordered dismissed.